

# Fourth Court of Appeals
## San Antonio, Texas

February 11, 2014

No. 04-13-00667-CR

Raymond Sandoval **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 383282
Honorable Genie Wright, Judge Presiding

# O R D E R

Sitting:       Catherine Stone, Chief Justice
                  Karen Angelini, Justice
                  Luz Elena D. Chapa, Justice

For the reasons that follow, we abate this appeal and remand it to the trial court for an evidentiary hearing.

Raymond Sandoval Garcia filed a notice of appeal from the trial court's judgment convicting and sentencing him of one count of Assault Bodily Injury – Fam/Hou. Garcia did not file a motion for new trial; therefore, his notice of appeal was due thirty days after sentence was imposed. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. The clerk's record contains three copies of the judgment: one states sentence was imposed July 30, 2013, another states sentence was imposed July 31, 2013, and a third states sentence was imposed August 2, 2013. It is unclear from the record which copy of the judgment was signed the most recently. Because the deadline for filing a notice of appeal is calculated from the date on which sentence was imposed, we are unable to determine when the notice of appeal was due.

The record contains a notice of appeal signed by trial counsel, Karen O. Raleigh. The certificate of service states it was transmitted to the Bexar County District Attorney's Office on September 3, 2013. However, it does not appear that Raleigh filed the notice of appeal with the trial court clerk. Instead, it appears the notice of appeal was mailed by appellant. The record

contains an envelope bearing appellant's name and a return address indicating it was mailed from the Bexar County Adult Detention Center. The envelope is addressed to the "4th Court of Appeals" and bears a September 4, 2013, postmark. The notice of appeal was file-stamped by the Bexar County Clerk's office on September 5, 2013.

Because the timeliness of Garcia's appeal may depend upon who mailed the notice of appeal and when it was mailed or delivered to prison authorities for mailing, we ordered Garcia's appellate counsel to file a response addressing these questions. Counsel responded that he had been unable to obtain a meaningful answer to the questions from Garcia and requested a bench warrant to obtain Garcia's testimony on the issue.

We **abate** this appeal and **remand** the case to the trial court to conduct an evidentiary hearing and make the fact findings necessary for us to determine whether we have jurisdiction over this appeal. The trial court shall secure appellant's presence at the hearing and may require that of trial counsel. We **order** the trial court to make findings of fact on each of the following issues:

1. On what date was sentence imposed?

2. Did trial counsel or Garcia mail the notice of appeal that was contained in the envelope addressed to the court of appeals?

3. If the answer to question 2. is trial counsel, on what date did counsel deposit the notice of appeal in the mail?

4. If the answer to question 2. is Garcia, how did he cause the notice of appeal to be mailed and on what date did he do so?

The clerk and court reporter are **ordered** to file in this court, by **March 4, 2014,** (1) a reporter's record of the hearing, and (2) a supplemental clerk's record containing the court's written findings of fact addressing the above issues.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court